# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WARD BOND,** | : | CIVIL ACTION NO. 1:18-CV-161 |
| | : | |
| **Plaintiff** | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **OFFICE OF VOCATIONAL** | : | |
| **REHABILITATION,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 23rd day of January, 2018, upon consideration of the complaint (Doc. 1) filed *pro se* by plaintiff Ward Bond ("Bond"), wherein Bond alleges that representatives of the defendant Office of Vocational Rehabilitation ("defendant") have directed him to vacate his business premises by close of regular business on today's date, (id. at 2), and it appearing that Bond perceives defendant's conduct to be in violation of the Randolph-Sheppard Act, 20 U.S.C. § 107(a), and requests that the court grant a temporary stay of defendant's alleged directive until such time as Bond is able to retain counsel to pursue his putative claim, (see Doc. 1 at 2), and the court, in the interest of justice and with deference to Bond's *pro se* status, construing his filing as a request for either a temporary restraining order or a preliminary injunction, see FED. R. CIV. P. 65, and observing that courts apply a four factor-test to determine the propriety of temporary or preliminary injunctive relief, to wit: whether the movant has a likelihood of success on the merits, whether the movant will suffer irreparable harm if relief is not granted, whether there is a potential for greater harm to the non-movant or third parties if relief is granted, and

whether the public interest favors the requested injunctive relief, see Reilly v. City of Harrisburg, 85 F.3d 173, 179 (3d Cir. 2017), and observing further that the first two factors—likelihood of success on the merits and irreparable harm—are the "most critical," without satisfaction of which injunctive relief shall not issue, see id., and the court noting, with respect to the first Reilly factor, that Bond seeks relief based upon defendant's perceived violation of the Randolph-Sheppard Act, but that exhaustion of administrative remedies with the appropriate state licensing agency is a prerequisite to federal suit under the Act, see 20 U.S.C. § 107-d; see also Jones v. DeNotaris, 80 F. Supp. 3d 588, 599-601 (E.D. Pa. 2015) (collecting cases), and that Bond does not allege he exhausted administrative remedies in the manner required, see 20 U.S.C. § 107-d, nor does he allege—assuming *arguendo* that futility may excuse failure to exhaust—that an attempt to exhaust administrative remedies would be futile, see Jones, 80 F. Supp. 3d at 600-01, such that we cannot find that Bond has a likelihood of success on the merits, see Reilly, 85 F.3d at 179, and the court also noting, with respect to the second Reilly factor, that the requisite injury must be truly "irreparable" not "merely serious or substantial," ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (quoting Glasco v. Hills, 558 F.2d 179, 181 (3d Cir. 1977)), and that "availability of money damages for an injury typically will preclude a finding of irreparable harm," Reilly, 858 F.3d at 179 n.4 (citing Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 n.3 (3d Cir. 1988)), and it appearing that Bond's alleged injury is entirely financial, (see Doc. 1 at 2), and is fully compensable by an award of monetary damages, see Williams v. Office of

<u>Vocational Rehabilitation</u>, No. 1:16-CV-731, 2016 WL 7670063, at *2 (M.D. Pa. Nov. 18, 2016), such that we cannot find that Bond has alleged an imminent, irreparable harm, <u>see</u> <u>Reilly</u>, 85 F.3d at 179, and the court thus concluding that temporary or preliminary injunctive relief is not warranted, it is hereby ORDERED that, to the extent Bond's complaint (Doc. 1) may be construed as a motion (Doc. 1) for temporary restraining order or preliminary injunction, said motion is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania